

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                    Attention:  Mr. Ralph L. Buell

Opinion No. O-2044
Re:  Public nature of accident
     reports filed with the De-
     partment of Public Safety
     and questions relating to
     certified copies of such
     reports

We are pleased to reply to your letter
of March 4, 1940.  After directing our attention
to the fact that the Department of Public Safety
receives and analyzes accident reports, which are
sent in by various law enforcement officers and
other persons in the State of Texas as provided
under Article 6687a, Vernon's Civil Statutes, you
present four questions for our consideration.  We
quote these four questions, but for convenience
we have rearranged their order:

"1.  May the Department of Public
Safety refuse to allow representatives
of private interests personal access to
accident report files?

"2.  May the Department of Public
Safety refuse to furnish certified copies
of accident reports to private individuals
or firms requesting such certified copies?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., page 2

"3. May the Department of Public
Safety refuse information given on any
individual accident report to private
persons or firms requesting such informa-
tion?

"4. Are certified copies of accident
reports subject to subpoena by justice
courts and courts of higher denomination?"

MAY THE DEPARTMENT OF PUBLIC SAFETY REFUSE TO ALLOW
REPRESENTATIVES OF PRIVATE INTERESTS PERSONAL ACCESS
TO ACCIDENT REPORT FILES?

Although some courts have held that in this
country every person is entitled to the right of free
access to, and public inspection of, public records,
without any showing of special interests, Burton vs.
Tuite (Mich. 1899) 44 N. W. 282, 7 L. R. A. 73, other
jurisdictions have adopted the rule that a person seek-
ing access to such records must have an interest in the
record or paper of which inspection is sought, and that
the inspection must be for a legitimate purpose. Excise
Commission of Citronnelle vs. State (Ala. 1912) 60 So.
812. In the case of Palacios, et al., vs. Corbett, et
al. (Civ. App. of Tex. 1915) 172 S. W. 777, writ of
error refused by the Supreme Court of Texas, the court
followed the latter mentioned rule and affirmed the de-
cision of the lower court which granted a writ of man-
damus commanding several county officers to permit the
plaintiffs or their auditors to inspect and audit all
county records under their control, and to obtain such
extracts, copies and data therefrom as they might de-
sire. The court, in holding that the right of inspec-
tion was a qualified right, in part stated:

"There being no decisions of our own
courts upon this matter, so far as we have
been able to ascertain, we have had re-
course to the decisions of the courts of
other common-law states, and conclude
that the opinion of the Supreme Court of
Tennessee, in the case of State ex rel.
Welford v. Williams, 110 Tenn. 549, 75
S. W. 948, 64 L. R. A. 435, constitutes
the best statement of the rules of law
which should be applied to this character
of case. We quote from said opinion as
follows:

"'In theory the right of examination is absolute, but in practice it is at last only a matter of discretion, because such application is likely at any time to be refused on the part of the custodian of the books and papers sought to be examined, and then the right must be forced by mandamus, and this writ is not of absolute right, but merely of discretion, to be awarded only in a proper case; the facts claimed as authorizing its issuance to be judged of in every case by the court, and the writ to be awarded or withheld upon a consideration of all the circumstances presented. So, while the right is, in theory, absolute, yet it is in practice so limited by the remedy necessary for its enforcement as that it can be denominated only a "qualified right."'"

In the light of this case, if the accident reports in question are not secret and confidential, but on the other hand are of a public nature, it would seem that private persons (or their duly appointed representatives) would have a right to inspect such of the reports as they might show an interest in.

In the case of People ex rel. Stenstrom v. Harnett, State Commissioner of the Bureau of Motor Vehicles (Sup. Ct. of New York, 1927) 226 N. Y. Sup. 338; affirmed by the Appellate Division, 1928, 230 N. Y. Sup. 28; affirmed by the Court of Appeals of New York (Memorandum Decision) 164 N. E. 602, the facts show that persons involved in automobile accidents in the State of New York were required by statute to send accident reports to the Commissioner of Motor Vehicles, and these reports were made upon forms prepared by the Commissioner. Edward S. Stenstrom was killed in an automobile accident, and his wife, as administratrix, had commenced an action to recover damages for the death of her intestate. She requested copies of the accident reports, but the Commissioner refused to furnish them on the grounds that they were treated as confidential, were filed solely for the use of the Commissioner in preparing statistics and ascertaining the cause of accidents, and for providing in-

Honorable Homer Garrison, Jr., page 4


formation to enable the Motor Vehicle Department to control the accident problem. Mrs. Stenstrom filed this mandamus proceeding, directing the Commissioner to furnish her with copies of the reports. The Supreme Court issued the mandamus directing the Commissioner to permit the relator, or her attorney, to inspect all the reports in his possession regarding this certain automobile accident, and the decision was affirmed in both the Appellate Division and the Court of Appeals of New York.

The court held that these reports were such public records as were subject to inspection by persons having an interest therein, and stated that such an inspection would promote the public interest and not be detrimental to it. We quote from portions of that opinion as follows:

"I take the rule to be in relation to such records and documents, although on file with a public officer pursuant to statute, that they ought not to be indiscriminately subject to inspection. However, any person who has an interest in such record or document should ordinarily be permitted to inspect it, unless its inspection would obviously be detrimental to public interest. The difficulty is to determine what constitutes a sufficient interest or an untimely and improper circumstance for inspection.

". . . . .

". . . . . . . . . I do not hold that these reports are open generally for inspection to the public, but only to such persons who establish a proper interest therein, and the bureau can undoubtedly formulate a procedure by which each applicant for inspection will be required to prove his interest and right of inspection, and that permitted in proper cases only under reasonable regulation and control."

Honorable Homer Garrison, Jr., page 5

According to the above authorities, and since these accident reports are of a public nature because they are required by law to be "kept" and filed by the Department of Public Safety (Section 8-C, Subdivision (b), and Section 12, Article 6687a, Vernon's Texas Civil Statutes) it is the opinion of this Department that private persons (or their duly appointed representatives) who show that they have an interest in certain of these reports, are entitled to inspect such reports, subject to reasonable regulations adopted by your department. As to what might constitute a sufficient interest (entitling a person to see these reports) in each instance, we are unable to say; each case, in this connection, must depend upon its particular facts.

MAY THE DEPARTMENT OF PUBLIC SAFETY REFUSE TO FURNISH CERTIFIED COPIES OF ACCIDENT REPORTS TO PRIVATE IN- DIVIDUALS OR FIRMS REQUESTING SUCH CERTIFIED COPIES?

MAY THE DEPARTMENT OF PUBLIC SAFETY REFUSE INFORMATION GIVEN ON ANY INDIVIDUAL ACCIDENT REPORT TO PRIVATE PERSONS OR FIRMS REQUESTING SUCH INFORMATION?

In connection with these two questions, we assume that you refer to the duty of issuing certified copies or furnishing information before any actual liti- gation is pending, and this assumption will be the basis for our answers to these questions.

So far as we have found, there is no common law duty which would require public officials to issue certified copies of their records merely upon applica- tion being made for such record; nor have we found any statute in Texas which makes it the duty of all public officials to furnish certified copies of their records merely when such application is made. There are special statutes which require certain officials to furnish cer- tified copies of records in their office when application is made, Article 3722, Vernon's Revised Civil Statutes, 1925; however, none of these statutes place such a duty upon the Department of Public Welfare. Article 4413 (4), Vernon's Revised Civil Statutes, sets out the duties of the Public Safety Commission, and Subdivision (3) pro- vides:

Honorable Homer Garrison, Jr., page 6

"The Commission shall establish
and make public proclamation of all
rules and regulations for the conduct
of the work of the Department as may
be deemed necessary and as may not be
inconsistent with the provisions of
this Act or of the laws of the State."

These statutes then create the office of
Director of the Department of Public Safety and Article
4413 (6), Vernon's Civil Statutes, defines his powers
and duties.  Subdivision (2) of Article 4413 (6) pro-
vides in part:

".  .  .  .  .  .  .  .and make such rules
and regulations, subject to the approval
of the commission, as are deemed necessary
for the control of the Department."

Assuming that there is no pending litigation
which would involve any of the accident reports, herein
referred to, it is our opinion that the Department of
Public Safety, in the exercise of its sound discretion,
could by complying with Articles 4413 (4) and 4413 (6),
supra, adopt such rules and regulations that would for-
bid the issuance of certified copies of these reports.

Although the above discussion refers to cer-
tified copies, it is our opinion that the same reasons
and conclusions are applicable to the duty of furnish-
ing information contained in such reports.

ARE CERTIFIED COPIES OF ACCIDENT REPORTS SUBJECT TO
SUBPOENA BY JUSTICE COURTS AND COURTS OF HIGHER
DENOMINATION?

Article 462, Vernon's Code of Criminal Pro-
cedure, 1925,  provides:

"Subpoena Duces Tecum.  If a witness
have in his possession any instrument of
writing or other thing desired as evidence,
the subpoena may specify such evidence and
direct that the witness bring the same
with him and produce it in court."

Honorable Homer Garrison, Jr., page 7


This statute is applicable to criminal cases. In Texas there is no specific provision for such subpoenas in civil cases, but they may be issued to compel the production of books and papers which are material evidence for the party demanding them. See the case of Stockwell vs. Snyder (Ct. of Civ. App. of Tex. 1932) 51 S. W. (2d) 812, where the court said:

> ". . . Plaintiff can always issue a subpoena duces tecum where the evidence is within the jurisdiction of the court, as was the case here, or can give notice to produce and offer secondary evidence. . . . ."

See also the case of Simon v. Ash (Ct. of Civil Appeals of Texas, 1892) 20 S. W. 719, where it was stated:

> ". . . But even third persons, who have in their possession books or papers in which one of the parties has an interest, may be compelled to produce them; and by 'interest', as the word is here used, we understand that, if the documents are material evidence for the party demanding them, such party has an interest in them, and their production may be compelled by either bill of discovery or by subpoena duces tecum. 3 Greenl. Ev. [ 305. . . ."

By virtue of the above authorities, it is the opinion of this Department that certified copies of these accident reports are subject to a subpoena duces tecum by the courts of this State, including the justice of the peace courts, as well as the district and county courts, Article 2410, Vernon's Revised Civil Statutes, 1925, subject to the following conditions and limitations:

1. The evidence which the witness is required to produce must be within the jurisdiction of the court. Stockwell vs. Snyder, supra.

2. In a civil suit the subpoena cannot be issued to a county other than that in which the trial court sits. Sayles vs. Bradley and Metcalf Company, 92 Tex. 406, 49 S. W. 209.

Honorable Homer Garrison, Jr., page 8

3.   A subpoena duces tecum must give a reasonable accurate description of the papers wanted, either by date, title, substance or the subject matter to which they relate.  Ex parte Gould, 132 S. W. 364, 31 L. R. A., New Series, 835.

However,  there is no legal prohibition preventing or prohibiting the taking of depositions of the officers, agents, servants and employees of the Department of Public Safety regarding the above mentioned accident reports, provided, of course, said depositions are taken and obtained in the manner and in compliance with the law controlling and governing the same.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  _Walter R. Koch_
Walter R. Koch
Assistant

By  _Harry A. Shuford_
Harry A. Shuford

HAS:LW

APPROVED APR 25, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _Burs_
CHAIRMAN